### EDWARDS v. BATES COUNTY.

(Circuit Court of Appeals, Eighth Circuit. February 13, 1900.)

#### No. 1,166.

**1. MUNICIPAL BONDS—PROOF OF OWNERSHIP—POSSESSION.**
Possession of municipal bonds payable to bearer is evidence of ownership, and their production by the plaintiff on the trial of an action based thereon is sufficient, prima facie, to establish his ownership at the time the action was commenced.

**2. EVIDENCE—STATEMENTS OF THIRD PARTIES—RECORD OF FORMER SUIT.**
In an action on negotiable municipal bonds, the record of a prior action, brought against the defendant by a third person on the same bonds, and dismissed before the present action was commenced, is not admissible in evidence to impeach the plaintiff's ownership of such bonds. Even if the former suit had not been so dismissed, the allegation of ownership by the plaintiff therein in his petition was merely a statement by a stranger to the second action, not admissible to affect the rights of the parties thereto.

In Error to the Circuit Court of the United States for the Western District of Missouri.

The plaintiff in error, James C. Edwards, brought an action against the defendant in error, the county of Bates, upon two bonds and certain coupons issued by the county, and the court rendered a judgment in favor of the county on the ground that the plaintiff was not the owner of the bonds. The writ of error was sued out to reverse this judgment.

T. K. Skinker, for plaintiff in error.

T. B. Wallace (William H. Wallace, on the brief), for defendant in error.

Before CALDWELL, SANBORN, and THAYER, Circuit Judges.

SANBORN, Circuit Judge. There is no principle of law or of equity more essential to the protection of the life, liberty, and property of the citizen than the established rule which prohibits the receipt of evidence of the statements of strangers, whether verbal or written, to determine the issues between, and to establish the rights of, the parties to an action. It is vital to the security of person and of property that the repetition of the statements of third parties shall not be taken as evidence to sustain or impeach the rights of litigants, and that only after due notice and opportunity for cross-examination of the very parties whose statements are sought, and then only under the solemnity of an oath or affirmation, shall their averments become evidence. The crucial issue in this case was whether or not, on October 5, 1891, when he commenced this action, the plaintiff in error, James C. Edwards, was the owner of two bonds for the sum of $1,000 each, and certain coupons attached thereto, which had been issued by the defendant in error, the county of Bates, in the state of Missouri. The bonds and coupons were payable to bearer, and at the trial the plaintiff produced and read them in evidence. Possession of commercial securities is evidence of ownership, and the production of these bonds and coupons by the plaintiff at the trial was sufficient proof, in the absence of countervailing evidence, to determine this issue in his favor. To overcome this proof the defendant in error offered in evidence, over the objection of the plaintiff that it was incompetent, and did not tend to prove that he was not the owner of the bonds and coupons, the record of an action in the court below brought by one Norman De V. Howard, through Mr. T. K. Skinker, the attorney for the plaintiff in this case, against this defendant, on November 13, 1889, on the same bonds and on some of the coupons involved in this action. That record disclosed the fact that this action brought by Howard had never been tried, and that it was dismissed on March 2, 1891. The objection to this record was well taken. The statement or claim of Howard in his petition in that record that he owned the bonds and some of the coupons was hearsay. It was made when he was not a witness, without notice to the plaintiff in this case, without opportunity for cross-examination, and it was not under oath or affirmation. The facts that he made this statement to an attorney at

law, that his attorney wrote it out and filed it in the court below in the form of a petition, and that the clerk of the court produced it at the trial, add nothing to its competency as evidence in this case. In the last analysis the record amounts to nothing more than this: that the clerk of the court says that Mr. Skinker said in the petition he filed for Howard that Howard said in 1889 that he owned the bonds and some of the coupons. Numerous repetitions of hearsay do not give it competency as evidence, and the fact that a third party has brought an action against a defendant, in which he avers that he owns the same property, and is entitled to recover on the same claim or demand, on account of which the plaintiff sues, is no evidence against the latter either that he does not own the property or that his claim is not well founded. As to him, such an averment is mere hearsay.

There is another reason why the record in Howard's case was improperly received, and that is that it was irrelevant. Bonds and coupons payable to bearer pass from hand to hand rapidly, and with much facility. The question in the case was not the ownership of the plaintiff in 1889, but in October, 1891, when he commenced this action. He established his ownership by the possession and production of the bonds and coupons. Now, even if it were conceded that Howard owned them on November 13, 1889, when he commenced his action, that fact would not be inconsistent with the plaintiff's ownership in 1891, and it would be irrelevant to the issue in this case, because the presumption arising from the plaintiff's possession would be that the title had been transferred from Howard to him before he brought his action, especially in view of the fact that Howard dismissed his action six months before this action was brought. This record in Howard's action seems to have been the only evidence received at the trial which tended to refute the plaintiff's proof of ownership, and its receipt was a fatal error. The judgment is accordingly reversed, and the case is remanded to the court below, with directions to grant a new trial.